UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA GUADALUPE ANGULO,<br><br>       Plaintiff,<br><br>v.<br><br>DIRECT ENERGY SERVICES, LLC and AGR GROUP NEVADA, LLC d/b/a EXECUTIVE ENERGY MANAGEMENT,<br><br>       Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:18-cv-02040<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARIA GUADALUPE ANGULO ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIRECT ENERGY SERVICES, LLC ("Direct"), and AGR GROUP NEVADA, LLC d/b/a EXECUTIVE ENERGY MANAGEMENT ("AGR") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendants' unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a 24 year old person residing at 34 North Lind Avenue, Apartment 2, Hillside, Illinois, which lies within the Northern District of Illinois.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Direct is an independent energy supplier. On its website, it states, "We make energy work harder for our nearly five million home and business customers across North America. We compete to earn their business every day."[1] With its principal place of business located at 12 Greenway Plaza, Suite 250, Houston, Texas, Direct is a Delaware corporation that regularly conducts business with consumers in Illinois.

8. AGR is a consulting company that provides "critical management support to sales and support services across the energy industry."[2] AGR is organized under the laws of the state of Nevada with its principal place of business located at 6275 South Pearl Street, Unit 100, Las Vegas, Nevada. AGR regularly conducts business with consumers in Illinois.

9. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

---

[1] https://www.directenergy.com/about
[2] http://www.executiveenergy.com/

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. In February 2018, Plaintiff began receiving calls to her cellular phone, (708) XXX-8349, from Defendants.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8349. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Upon information and belief, Direct contracts with AGR such that AGR assists Direct with the placing of solicitation calls to consumers and/or places such calls itself.

14. Defendants mainly use the phone number (866) 956-6279 when placing calls to Plaintiff's cellular phone, but upon belief, they may use other numbers as well.

15. Upon information and belief, Defendants regularly utilize the above referenced phone number during their solicitation of consumers.

16. Upon speaking with Defendants, Plaintiff discovered that they were trying to solicit her to use Direct for her energy services.

17. Plaintiff utilizes a different energy service provider and has never had any dealings with Direct.

18. Aggravated by the incessant nature of Defendants' solicitation attempts, Plaintiff demanded that Defendants stop calling her cellular phone.

19. Plaintiff even returned Defendants' phone calls to demand that the phone calls stop. During these calls, Plaintiff would experience a recorded message and audible beep before being connected to a live representative.

20. Despite Plaintiff's demands, Defendants continued to persistently call her cellular phone up until the filing of the instant action.

21. Defendants have called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

22. For example, on March 12, 2018 and March 13, 2018, Defendants placed four and five calls, respectively, to Plaintiff's cellular phone.

23. Plaintiff has received not less than 33 calls from Defendants since demanding that they stop calling.

24. Frustrated over Defendants' conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

26. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to: invasion of privacy, aggravation that accompanies excessive solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### AGAINST DEFENDANTS

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendants used an ATDS in connection with their communications directed towards Plaintiff's cellular phone. The pre-recorded message and audible beep Plaintiff experienced when speaking with Defendants is indicative that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendants' contacts, including placing multiple phone calls on the same day, further suggest that Defendants used an ATDS when calling Plaintiff.

30. Defendants violated the TCPA by placing at least 33 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff was never interested in Direct's services and never consented to receive solicitation calls from Defendants through means of an ATDS. Any consent that Plaintiff *may* have given to Defendants was specifically revoked by Plaintiff's demands to cease contact.

31. The calls placed by Defendants to Plaintiff were regarding solicitation activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendants are liable to Plaintiff for at least $500.00 per call. Moreover, Defendants' willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MARIA GUADALUPE ANGULO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendants from further contacting Plaintiff; and,

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 20, 2018              Respectfully submitted,

s/ Nathan C. Volheim              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103  Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff             Counsel for Plaintiff
Admitted in the Northern District of Illinois   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200   2500 South Highland Ave., Suite 200
Lombard, Illinois 60148           Lombard, Illinois 60148
(630) 568-3056 (phone)            (630) 581-5858 (phone)
(630) 575-8188 (fax)              (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com          thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com